MORRIS COUNTY COMMON PLEAS.

JAMES THOMAS, PETITIONER-APPELLEE, v. LIONDALE BLEACH, DYE AND PRINT WORKS, RESPONDENT-APPELLANT.

For the petitioner-appellee, *John C. Grimshaw* (*Turner & Stalter,* on the brief).

For the respondent-appellant, *Kellogg & Chance* (*Edwin O'Brien,* on the brief).

HOLLAND, J.   On May 29th, 1925, the petitioner, James Thomas, while in the employ of the respondent, fell off a moving elevator and hurtled down the elevator shaft.  As stated in the brief of the respondent-appellant "an agreement of compensation, settling the matter by an award of twenty-five per cent. of total permanent disability was entered into between the petitioner, through his attorney, and the respondent through its attorney, under date of September 20th, 1926, which agreement was duly approved by the deputy commissioner."   The order of the New Jersey department of labor, workmen's compensation bureau, called "determination and rule for judgment," recites "the deputy commissioner was asked to approve this compromise and enter an award on the same."

A petition for increased disability was filed in April, 1929, within the one-year period prescribed by section 5, as amended by *Pamph. L.* 1921, *p.* 731, and the bureau awarded an increased compensation of sixty-six and two-thirds per cent. An appeal is taken from this ruling.

Counsel for the respondent-appellant contends that a "judgment" was entered, and therefore that the petition for increased disability was not filed within time, and relies upon the ruling in the case of *Herbert* v. *Newark Hardware and Plumbing Supply Co.,* 8 *N. J. Adv. R.* 487, in which the Supreme Court (Mr. Justice Parker writing the illuminating opinion) held:

"The payment of the previous judgment was not such a 'last payment of compensation' in the intendment of the statute as would support an application to 'review the award' within a year after such payment of the judgment;" but the sort of judgment there referred to is one "of a contested claim, litigated and reduced to judgment," the point being "that a case solemnly adjudicated should not be reopened for the purpose of allowing a party to make a new and distinct case." And I find that the petition was properly filed, within time. *Herbert* v. *Newark Hardware, supra; Harris* v. *International Motor Co.,* filed in New Jersey Supreme Court on January 21st, 1931.

In the case at bar, the disability of the petitioner was not solemnly adjudicated; it was compromised and agreed upon by both parties as a twenty-five per cent. permanent disability, and an order of the workmen's compensation bureau on such compromise and agreement was entered by consent. The actual reason for arriving at the agreement and compromise, that is, whether it was liability, defects as to jurisdiction, assumption of liability or extent of injury is not stated anywhere in the record of the first petition.

Respondent-appellant contends that the extent of permanent injury on the first petition was fifty per cent. and now argues that that was the matter in difference compromised for twenty-five per cent. and consequently if petitioner is entitled to anything at all for increased disability, he is entitled only to the excess of fifty per cent., notwithstanding that the compromise award provided only a twenty-five per cent. permanent disability. I do not find this contention to be a good one.

In *Lusczy* v. *Seaboard By-Products Co.*, 101 *N. J. L.* 174, the Court of Errors and Appeals held:

"In case the agreement is only for part of the compensation which ought to be paid, and the employer lives up to his agreement and pays the compensation therein provided, a claim for any additional compensation must be filed within one year after the last payment was made."

I find that as a result of the accident, the petitioner is to-day permanently disabled to the extent of sixty-six and two-thirds per cent.; that he has already received twenty-five per cent. and is now entitled to recover the balance of forty-one and two-thirds per cent.

The judgment below is affirmed, with costs.